1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THESOLONIA BAKER,

11            Plaintiff,                    No. CIV S-08-1370 DAD P

12        vs.

13   J. WALKER, et al.,

14            Defendants.              ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20            Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $0.72 will be assessed by this

25   order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

26   agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

1  the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of

2  twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3  These payments will be collected and forwarded by the appropriate agency to the Clerk of the

4  Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

5  full.  See 28 U.S.C. § 1915(b)(2).

6        The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11 U.S.C. § 1915A(b)(1) & (2).

12       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18 Cir. 1989); Franklin, 745 F.2d at 1227.

19       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22 Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

23 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

24 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

25 must contain factual allegations sufficient "to raise a right to relief above the speculative level."

26 Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

2

1  accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital</u>

2  <u>Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

3  plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421

4  (1969).

5         The Civil Rights Act under which this action was filed provides as follows:

6         Every person who, under color of [state law] . . . subjects, or causes

       to be subjected, any citizen of the United States . . . to the

7         deprivation of any rights, privileges, or immunities secured by the

       Constitution . . . shall be liable to the party injured in an action at

8         law, suit in equity, or other proper proceeding for redress.

9  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

10  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

11  <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

12  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

14  omits to perform an act which he is legally required to do that causes the deprivation of which

15  complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

16         Moreover, supervisory personnel are generally not liable under § 1983 for the

17  actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

18  defendant holds a supervisorial position, the causal link between him and the claimed

19  constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

20  (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S.

21  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

22  in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th

23  Cir. 1982).

24         In his complaint, plaintiff has identified as defendants J. Walker, I. O'Brian, D.

25  Lytle, R. Bishop, G. Parker, N. Grannis, and the California Department of Corrections and

26  Rehabilitation ("CDCR").

1    Plaintiff alleges that defendants have retaliated against him for filing an inmate

2    appeal regarding prison officials' attempt to incite black prisoners.  Specifically, plaintiff alleges

3    that defendants have issued an erroneous rules violation charge against him, improperly searched

4    his cell, confiscated his property, validated him as a gang member and obstructed the appeals

5    process when he subsequently attempted to challenge these alleged constitutional violations.

6    Plaintiff also alleges that defendants have violated his rights under the Due Process Clause and

7    Equal Protection Clause by not complying with various state regulations.  In the "Relief" section

8    of the form complaint, asking plaintiff to state briefly what he wants the court to do for him, he

9    requests among other things monetary damages from the CDCR and from each of the other

10   defendants in their official capacity.

11   Plaintiff's complaint appears to state a cognizable claim for retaliation against

12   defendants Lytle, Bishop, and Parker.  However, as discussed below, the form of relief plaintiff

13   seeks is not available to him in this civil rights action.  Moreover, plaintiff's allegations against

14   the remaining named defendants are so vague and conclusory that the court is unable to

15   determine whether the current action is frivolous or fails to state a claim for relief.  Although the

16   Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the

17   defendants and must allege facts that support the elements of the claim plainly and succinctly.

18   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

19   with at least some degree of particularity overt acts which these defendants engaged in that

20   support his claims.  Id.  Because of the defects in plaintiff's complaint, the complaint must be

21   dismissed.  The court will, however, grant leave to file an amended complaint.

22   If plaintiff elects to proceed with this action by filing an amended complaint, he is

23   advised of the following legal standards that govern his civil rights claims.  First, with respect to

24   a retaliation claim, the Ninth Circuit has explained:

25       Within the prison context, a viable claim of First Amendment
         retaliation entails five basic elements: (1) An assertion that a state
26       actor took some adverse action against an inmate (2) because of (3)

4

1
2
>that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

3   See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  Plaintiff appears to have named

4   defendants Walker, O'Brian, and Grannis as defendants in this action because of their

5   involvement in resolving his administrative appeals.  However, a defendant's resolution of

6   inmate appeals alone does not provide a basis upon which to impose liability under § 1983.

7   Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional

8   entitlement to a specific grievance procedure") (citing Mann v. Adams, 855 F.2d 639, 640 (9th

9   Cir. 1988)).  To proceed against defendants Walker, O'Brian, and Grannis on a retaliation claim

10  or other claim, plaintiff must allege facts demonstrating how each of their actions resulted in a

11  deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227

12  (9th Cir. 1980).  There can be no liability under 42 U.S.C. § 1983 unless there is some

13  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

14  v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

15  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official

16  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

17  268 (9th Cir. 1982).

18          Second, with respect to an equal protection claim, equal protection is relevant

19  with respect to classifications that impermissibly operate to disadvantage a suspect class or

20  improperly interfere with an individual's exercise of a fundamental right.  "[A] classification

21  neither involving fundamental rights nor proceeding along suspect lines is accorded a strong

22  presumption of validity."  Heller v. Doe, 509 U.S. 312, 319 (1993).  If plaintiff elects to proceed

23  with this action by filing an amended complaint, he must allege facts that would demonstrate

24  defendants either wrongly discriminated against him based on membership with a suspect class

25  or improperly burdened his fundamental rights.

26  /////

Third, with respect to a due process claim, although "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause," those circumstances are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). A temporary loss of privileges, for example, does not "present a dramatic departure from the basic conditions" of prison life. Id. at 486.

Fourth, with respect to any claim against the CDCR, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332, 340 (1979); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the CDCR has not consented to suit. Accordingly, if plaintiff presents claims against the CDCR in his amended complaint, the court will dismiss them as frivolous.

Finally, with respect to plaintiff's request for relief, the Eleventh Amendment bars plaintiff's damages claims to the extent that they are based on acts by defendants in their official, as opposed to individual, capacities. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). In Will, the Supreme Court held that state officials acting in their official capacities are not "persons" under § 1983." 491 U.S. at 71. The Court reasoned that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Id. The Court concluded that such a suit is therefore no different from a suit against the state itself. Id.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

6

1  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

2  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

3          Also before the court is plaintiff's request for appointment of counsel.  The United

4  States Supreme Court has ruled that district courts lack authority to require counsel to represent

5  indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

6  (1989).  In certain exceptional circumstances, the district court may request the voluntary

7  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

8  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

9          The test for exceptional circumstances requires the court to evaluate the plaintiff's

10  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

11  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

12  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

13  common to most prisoners, such as lack of legal education and limited law library access, do not

14  establish exceptional circumstances that would warrant a request for voluntary assistance of

15  counsel.  In the present case, the court does not find the required exceptional circumstances.

16          Accordingly, IT IS HEREBY ORDERED that:

17          1.  Plaintiff's June 17, 2008 application to proceed in forma pauperis is granted.

18          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

19  Plaintiff is assessed an initial partial filing fee of $0.72.  All fees shall be collected and paid in

20  accordance with this court's order to the Director of the California Department of Corrections

21  and Rehabilitation filed concurrently herewith.

22          3.  Plaintiff's complaint is dismissed.

23          4.  Plaintiff is granted thirty days from the date of service of this order to file an

24  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

25  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

26  docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

1  amended complaint in accordance with this order will result in dismissal of this action without

2  prejudice.

3            5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

4  civil rights action.

5            6.  Plaintiff's June 17, 2008 request for appointment of counsel is denied.

6  DATED: July 8, 2008.

7

8                                        _____

9                                        DALE A. DROZD
                                         UNITED STATES MAGISTRATE JUDGE

10  DAD:9
    bake1370.14

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26