# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

THESOLONIA BAKER,                              )
                                    )
                   Plaintiff,      )          Case No. 2:08-cv-01370-KJD-PAL
                                      )
vs.                                            )          **<u>ORDER</u>**
                                      )
J. WALKER, et al.,                             )          (Mtn for Counsel - Dkt. #24)
                                      )          (Mtn to Compel - Dkt. #25)
                   Defendants.      )
_____)

      This matter is before the court on Plaintiff's Motion to Appoint Counsel (Dkt. #24) and Plaintiff's Motion to Compel (Dkt. #25). Defendants Lytle, Bishop, and Parker filed an Opposition (Dkt. #29) to the Motion to Compel. Plaintiff filed a Reply (Dkt. #30). The court has considered the motions, the opposition, and the reply.

      Plaintiff brought this civil rights action under 28 U.S.C. § 1983, alleging that he was retaliated against by various prison officials. The court screened the Amended Complaint (Dkt. #7) and entered an Order (Dkt. #10) allowing Plaintiff to proceed with claims against R. Bishop, D. Lytle, and G. Parker (together, the "Defendants") for retaliation against Plaintiff in violation of his First Amendment rights. <u>See</u> Order, Dkt. #10 at 2:7-9. Specifically, Plaintiff alleges that Defendants have retaliated against him by issuing erroneous rules violation charges, improperly searching his cell, confiscating his property, deeming Plaintiff a gang member, and obstructing Plaintiff's efforts relating to his appeal regarding prison officials' attempt to incite African-American inmates. <u>See</u> Order at 4:1-5, Dkt. #5. Plaintiff propounded various discovery requests, including requests for production of documents and interrogatories on Defendants.

/ / /

/ / /

## I.   Motion to Appoint Counsel (Dkt. #24).

Plaintiff's Motion to Appoint Counsel (Dkt. #24) asserts he is financially unable to retain counsel, that the issues presented by this case are complex and difficult for him to understand, and that his imprisonment will hinder his ability to prosecute this case.  Plaintiff also asserts the prison limits his access to the law library, and he has no legal experience and very little knowledge of the law.

In civil cases the district court may only appoint counsel to litigants proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(1).  That statute does not authorize courts to require counsel to represent such litigants, but only to request such representation on a *pro bono* basis.  See Mallard v. United States Dist. Ct., 490 U.S. 296, 304-05 (1989).  The appointment of counsel pursuant to section 1915(e)(1) is limited to cases presenting exceptional circumstances.  See Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam).  Appointment of counsel is not a matter of right.  See Ivey v. Board of Regents, 673 F.2d 266 (9th Cir. 1982).  Although the court appreciates that almost every inmate would benefit from the appointment of counsel, Plaintiff has not established the existence of exceptional circumstances which warrant appointment of counsel.

## II.   Motion to Compel (Dkt. #25).

Plaintiff seeks to compel further responses to requests for production of documents which were served on and responded to by the Defendants.  He also seeks to take a deposition pursuant to Rule 45 of the Federal Rules of Civil Procedure.

As a general matter, under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Id.  Furthermore, "[f]or discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence."  Oppenheimer Fund v. Sanders, 437 U.S. 340, 351 (1978).  "Under the Federal Rules, the scope of discovery is broad[,] and discovery should be allowed unless the information sought has no conceivable bearing on the case."  Jackson v. Montgomery Ward & Co., 173 F.R.D. 524, 528 (D. Nev. 1997).  Even if discovery is relevant, however, the court must limit discovery if it determines that: (a) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from another more convenient, less burdensome source; (b) the party seeking discovery had ample opportunity to obtain the information through discovery; or

(c) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the case, and the importance of the discovery in resolving the issues.  See Fed.R.Civ.P. 26(b).  The court will address each of the disputed requests and objections in turn.

Defendants responded to request number 1, 2, 4, 5, 8, 16, indicating they do not have possession, custody, or control of documents responsive to these requests.  A party who is not in care, custody, or control of requested documents may not be compelled to produce such documents. Plaintiff's motion to compel these requests will therefore be denied.

Defendants asserted various objections but produced documents responsive to requests numbers 3, 6, 7, 9, and 15.  The court accepts Defendants' representations, signed under the provisions of Federal Rule of Civil Procedure 11, that they have produced all responsive, non-privileged documents in their possession, custody, or control.  Plaintiff's motion to compel these requests will therefore be denied.

Defendants objected to requests 8, 10, 11, 12, 13, 14, and 17 on various grounds.  Plaintiff's request for production number 8 is argumentative in seeking "documents that came up missing," and Defendants' objections are sustained.  Request 10 and 12 seek documents concerning inmate Richardson.  Request 11 seeks a copy of "complaints of black prisoners on staff misconduct on B and C Facility."  Request 13 seeks a copy of all staff assaults concerning black prisoners and staff at CSP Sac New Folsom.  Request 14 seeks a copy of all complaints against staff misconduct and the outcome of the complaint and inmates that filed them.  Request 17 seeks a copy of all incident reports of assault, concerning Sgt. Lytle and black inmates. Defendants object to these request on the basis that they are not calculated to lead to admissible evidence, violate the privacy rights of third parties (i.e., other inmates and staff), and are overly broad because they concern corrections officers who are not a parties to this litigation.  Defendants represent they have produced all documents concerning complaints and appeals filed by Plaintiff in their possession.

Defendants' objections concerning the privacy rights of other inmates are sustained, and Defendants need not produce documents responsive to requests 10 and 12.  Requests 11, 13, 14, and 17 are overbroad and have no temporal or subject matter limitation.  To the extent that Plaintiff seeks the

personnel files of Defendants, they are not required to be produced.  The Ninth Circuit has held that those files enjoy a qualified privilege because government personnel files are considered official information.  See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1034 (9th Cir. 1990) (stating that where relevant information contained in personnel files can be developed by interrogatories, the files should not be produced because "a general search could reach well beyond the legitimate inquiries necessary to [the] litigation").  Defendants' objections to these requests are sustained and Plaintiff's motion to compel responses to these requests is denied.

Plaintiff's request to take a deposition pursuant to Rule 45 is unintelligible and is denied.

Accordingly, having reviewed and considered the matter,

**IT IS ORDERED** that:

1.      The Motion to Appoint Counsel (Dkt. #24) is DENIED.

2.      The Motion to Compel (Dkt. #25) is DENIED.

Dated this 31st day of March, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE