**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THESOLONIA BAKER,            ) | |
|                                                    ) | |
|                         Plaintiff,    )  Case No. 2:08-cv-01370-KJD-PAL | |
|                                                    ) | |
| vs.                                          )  **ORDER** | |
|                                                    ) | |
| J. WALKER, et al.,                 )  (Mtn for Documents - Dkt. #36) | |
|                                                    ) | |
|                        Defendants. ) | |

This matter is before the court on Plaintiff's Second Request for Inspection and Production of Documents to Defendants (Dkt. #36). The court has considered the Motion.

Plaintiff brought this civil rights action under 28 U.S.C. § 1983, alleging that he was retaliated against by various prison officials. The court screened the Amended Complaint (Dkt. #7) and entered an Order (Dkt. #10) allowing Plaintiff to proceed with claims against R. Bishop, D. Lytle, and G. Parker (together, the "Defendants") for retaliation against Plaintiff in violation of his First Amendment rights. See Order, Dkt. #10 at 2:7-9. Specifically, Plaintiff alleges that Defendants have retaliated against him by issuing erroneous rules violation charges, improperly searching his cell, confiscating his property, deeming Plaintiff a gang member, and obstructing Plaintiff's efforts relating to his appeal regarding prison officials' attempt to incite African-American inmates. See Order at 4:1-5, Dkt. #5. Plaintiff propounded various discovery requests, including requests for production of documents and interrogatories. Plaintiff's Request (Dkt. #36) appears to be a copy of the requests for production of documents.

As Plaintiff was already advised by the court in an Order (Dkt. #31) entered September 30, 2009, the Federal Rules of Civil Procedure and the Local Rules of this court provide that parties should not file their requests for written discovery with the court as a motion. Instead, Plaintiff should simply

serve those requests upon opposing counsel.  *See* Fed.R.Civ.P. 34; LR 34-250.  Lastly, it appears that Defendants have responded to Plaintiff's requests for production of documents, as evidenced by the Motion to Compel (Dkt. #40) Response (Dkt. #46) and Reply (Dkt. #47) currently pending before the court.

Accordingly,

**IT IS ORDERED** that Plaintiff's Request (Dkt. #36) is DENIED AS MOOT.

Dated this 27th day of January, 2011.

                                                 PEGGY A. LEEN
                                               UNITED STATES MAGISTRATE JUDGE