UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THESOLONIA BAKER,              )<br>                                               )<br>                      Plaintiff,      )<br>                                               )<br>vs.                                          )<br>                                               )<br>J. WALKER, et al.,                   )<br>                                               )<br>                      Defendants.  )<br>_____) | Case No. 2:08-cv-01370-KJD-PAL<br><br>**ORDER**<br><br>(Mtns to Compel - Dkt. ##38, 40) |

   This matter is before the court on Plaintiff's Motion to Compel Interrogatories (Dkt. #38), Defendants Lytle's, Bishop's, and Parker's ("Defendants") Opposition (Dkt. #41), Defendants' Amended Declaration of Counsel (Dkt. #45), Plaintiff's Reply (Dkt. #47), Plaintiff's Motion to Compel Requests for Production of Documents (Dkt. #40), and Defendants' Opposition (Dkt. #46). The court has considered the foregoing documents.

**I.     Plaintiff's Motion to Compel Interrogatories (Dkt. #38).**

   Plaintiff's motion seeks an order compelling Defendants to respond to interrogatories served on May 2, 2010. Plaintiff concedes his motion was filed after the June 11, 2010, deadline for filing motions to compel established by the court's Discovery Plan and Scheduling Order (Dkt. #34), but asserts it was untimely because the court's Scheduling Order was confusing and because Defendants were untimely in responding to the interrogatories. Plaintiff asserts the interrogatories all seek relevant information, and Defendants' objections are not well-taken.

   In response, Defendants assert the Motion to Compel (Dkt. #38) should be denied because they timely responded to Plaintiff's interrogatories. They note that although the Interrogatories are dated May 2, 2010, for purposes of Rule 5, they were served on the date Plaintiff delivered them to prison officials to be mailed to the court–*i.e.,* May 5, 2010. Defendants responded on June 16, 2010, forty-two

1  days later and within the Discovery Plan and Scheduling Order's forty-five day deadline.  Furthermore,
2  Plaintiff's Motion to Compel should be denied because it was filed on June 23, 2010, twelve days after
3  the June 11, 2010, deadline established in the Discovery Plan and Scheduling Order for filing motions
4  to compel.

5  In reply, Plaintiff asserts the twenty-five interrogatory limitation imposed by Rule 33 of the
6  Federal Rules of Civil Procedure does not apply here, and Local Rule 33-250 imposes no such
7  numerical limitation on discovery requests.  Furthermore, Plaintiff asserts the Defendants' responses
8  were untimely because they were served after the June 11, 2010, discovery cutoff.  Plaintiff states that
9  he was "perplexed" by the court's Discovery Plan and Scheduling Order and thought he would be
10 permitted to file a motion to compel as a pretrial motion.

11 Plaintiff's Motion to Compel Interrogatories (Dkt. #38) is untimely.  The Discovery Plan and
12 Scheduling Order provides, "Any motions necessary to compel discovery shall be filed . . . by June 11,
13 2010. . . . All pretrial motions, **except motions to compel discovery,** shall be filed on or before July 11,
14 2010."  Order (Dkt. #34) at 2:15-17, 19-20 (emphasis added).  Plaintiff's Motion was not filed until
15 June 28, 2010–more than seventeen days after the deadline had expired.  Although Plaintiff claims he
16 was confused by the court's order, it was clear that motions to compel were due on or before June 11,
17 2010.  Defendants timely responded within the forty-five day response time imposed by the Scheduling
18 Order.  However, the court will address the merits of Plaintiff's Motion.

19 Defendants objected to each of Plaintiff's interrogatories on the grounds that it exceeds the
20 twenty-five interrogatory limit established in Rule 33 of the Federal Rules of Civil Procedure.  Rule
21 33(a) provides, "Unless otherwise stipulated or ordered by the court, a party may serve on any other
22 party no more than 25 written interrogatories, including all discrete subparts."  *Id.*  Plaintiff's first set of
23 interrogatories, filed with the court on June 1, 2009, contained more than twenty-five interrogatories,
24 including subparts.  Plaintiff did not seek leave to serve additional interrogatories on Defendants, nor
25 did the parties stipulate to exceed the twenty-five interrogatory limit.  Finally, contrary to Plaintiff's
26 assertion that Rule 33 does not apply to this proceeding, the Discovery Plan and Scheduling Order
27 clearly provides, "Pursuant to Federal Rules of Civil Procedure 1, 16, and **26-36**, discovery shall
28 continue" except as modified by paragraphs 1-4.  Scheduling Order (Dkt. #34) at 1:21-22 (emphasis

1  added).  Defendants' objections are sustained.  The Motion to Compel Interrogatories is denied.

2  **II.     Plaintiff's Motion to Compel Request for Production of Documents (Dkt. #40).**

Plaintiff seeks an order compelling Defendants to respond to his Request for Production of Documents.  Plaintiff asserts the documents are relevant to his claims, seek admissible evidence, and Plaintiff requires the documents sought in order to fairly litigate his claims.

In response, Defendants assert that the Motion should be denied because: (a) Plaintiff did not serve the requests for production of documents on Defendants before filing the Motion to Compel; (b) the requests for production are untimely; and (c) the Motion to Compel is untimely.  Defendants assert that because Plaintiff never served the requests for production on them, they were not required to respond and cannot be compelled to respond.  Furthermore, Defendants assert Plaintiff served the Motion to Compel, which contained the requests for production on June 23, 2010, over forty days after the June 11, 2010, discovery cut off date and that he filed the Motion to Compel on June 29, 2010, eighteen days after the deadline for filing motions to compel.

Plaintiff did not serve the requests for production on Defendants before the deadline established in the Discovery Plan and Scheduling Order.  Because Defendants were not served with the requests, they were not required to respond.  The first time Defendants received the discovery requests was when Plaintiff served the Motion to Compel on June 23, 2010–twelve days after the discovery cutoff and well beyond the May 11, 2010, deadline for serving discovery requests established by the court's Discovery Plan and Scheduling Order.

Accordingly,

**IT IS ORDERED**:

1.   Plaintiff's Motion to Compel Interrogatories (Dkt. #38) is DENIED.

2.   Plaintiff's Motion to Compel Requests for Production of Documents (Dkt. #40) is DENIED.

Dated this 28th day of January, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE