# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

THESOLONIA BAKER,

    Plaintiff,

v.

J. WALKER, *et al.*,

    Defendants.

Case No. 2:08-CV-01370-KJD-PAL

**ORDER**

    Presently before the Court is Defendants' Motion for Summary Judgment (#42/43/44). Plaintiff filed a response in opposition (#48) to which Defendants replied (#53/54). Plaintiff's Motion for Extension of Time (#52) and Defendants' Motion for Extension of Time (#50) are granted *nunc pro tunc*.

I. Facts

    Plaintiff Thesolonia Baker's Complaint asserts that Defendants retaliated against him for filing an inmate appeal on September 4, 2006, against Defendant D. Lytle in which Baker alleged that Lytle was "trying to incite Black prisoners go off on staff." The Complaint also alleges that the inmate appeal "came up missing[.]" Baker admits that he does not have a copy of his alleged appeal. The missing appeal is not reflected in prison inmate appeal records.

Baker alleges that Lytle retaliated for the appeal by issuing a rules violation report ("RVR") on September 28, 2006 against Baker for participating in gang activity. The alleged gang activity was exercising in a group of five inmates on the yard. Baker also asserts that later the next year, on August 3, 2007, Lytle and four other officers searched his cell in retaliation for the appeal. Several days later on August 7, 2007, Defendants G. Parker and R. Bishop searched Plaintiff's cell and found items linking him to the Black Guerilla Family ("BGF"), a known prison gang. Baker had been validated a member of the BGF, but that validation by the prison became inactive in 2000. Bishop and Parker issued a report, or chronos, recommending that Baker be re-validated as a member of the BGF. Baker alleges that all of these actions were conducted in retaliation for Baker's September 4, 2007 appeal against Lytle.

Defendants have now moved for summary judgment asserting that Baker cannot provide evidence sufficient to show genuine issues of material fact. Defendants also assert that even if the facts viewed in a light most favorable to Baker raise issues of fact, qualified immunity protects Defendants from the action. Finally, Defendants assert Baker failed to administratively exhaust all of his claims.

II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere

allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III.  Analysis

    A.  Retaliation

The Court must grant Defendants' motion for summary judgment on the retaliation claim because Plaintiff has failed to raise a genuine issue of material fact regarding the existence of his alleged inmate appeal on September 4, 2006 against Defendant Lytle. See Corales v. Bennett, 567 F.3d 554, 568 (9th Cir. 2009)(plaintiff asserting retaliation for protected First Amendment conduct must establish "that the defendant knew of the protected speech").  It is undisputed that the Inmate Appeals Tracking System–Level I & II ("IATS"), which tracks inmate grievances at California State Prison–Sacramento, has no record that Baker submitted any inmate appeal against Lytle before

1  September 28, 2006 (the day Lytle issued an RVR for Baker's alleged gang activity).  It is also
2  undisputed that Baker has no copy of his alleged September 4, 2006, appeal.
3        Further, Baker has not raised a genuine issue of material fact regarding Lytle's issuance of the
4  RVR.  Baker admits that he participated in the conduct alleged, but denies that it was gang activity.
5  However, particularly in the absence of the alleged September 4, 2006 appeal, Baker has presented
6  no evidence from which a fact finder could conclude that Lytle issued the RVR in retaliation for
7  Baker's appeal, rather than for the alleged gang activity.
8        In addition to the absence of evidence of Baker's alleged appeal, the Court must grant
9  summary judgment to Defendants on Baker's claim that his cell was searched on August 3, 2007 by
10 Lytle and three other officers in retaliation for the September 4th appeal, because there is no evidence
11 that it was motivated by retaliation.  See Corales, 567 F.3d at 568 (plaintiff must establish temporal
12 proximity between protected speech an retaliatory action).  Instead the evidence shows that the cell
13 was searched while the prison was on lockdown, because a "confidential kite" was found stating that
14 Baker or his cellmate was trying to incite Black inmates "to go off on staff[.]"  Furthermore, the
15 Court would grant qualified immunity to Defendants even if there was temporal proximity, because
16 the Court must give "wide-ranging deference" to prison staff in balancing the inmates rights versus
17 institutional safety.  See Norwood v. Vance, 591 F.3d 1062, 1069 (9th Cir. 2010).
18       Finally, Baker has not presented any evidence other than his self-serving testimony to
19 establish that Defendants Parker and Bishop retaliated against him for his alleged appeal against
20 Lytle.[1]  He has presented no evidence that Parker and Bishop were aware of the alleged complaint.
21 Further, like the August 3, 2007 search, Parker and Bishop's search on August 7, 2007 and the
22 subsequent chronos recommending that Baker be re-validated as a member of the BFG is too
23 temporally removed from the 2006 complaint to be evidence of retaliation.  Essentially, Baker

---

[1] Parker and Bishop were members of the Office of Correctional Safety Gang Intelligence Operations Unit and were experts on prison gangs.  They came to California State Prison-Sacramento, where Baker was housed, in August 2007 looking to identify gang members and disruptive groups that interrupted prison functions on a daily basis.

4

disagrees with the Parker and Bishop's evaluation of the evidence of his gang affiliation. His mere disagreement, without more, does not establish retaliation. See <u>Arpin v. Santa Clara Valley Transp. Agency</u>, 261 F.3d 912, 922 (9th Cir. 2001)(conclusory allegations unsupported by factual data cannot defeat summary judgment).

### B.  No Absence of Legitimate Correctional Goals

Defendants' motion must also be granted, because Plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. See <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995). Lytle's effort to punish gang activity, the August 3, 2007 search, the August 7, 2007 search, and the re-validation of Baker as a BGF, all had legitimate correctional goals.

### C.  Failure to Exhaust Administrative Remedies as to September 28, 2006 Incident

The claims against Lytle, based on the RVR for the alleged gang activity on September 28, 2006, must be dismissed because Plaintiff failed to exhaust his administrative remedies. Though IATS showed that Plaintiff filed a first level appeal which was denied, Plaintiff failed to submit the appeal to the subsequent levels as required. Though he alleges that he did, Baker could provide no proof that he maintained those appeals and the documentary evidence he provided conflicted with the timing of the hearing that was held and the findings that were issued.

Finally, Plaintiff also failed to exhaust his appeal against Lytle for the August 3, 2007 search. Even if the appeal Baker references in his opposition addressed the August 3, 2007 search, which the Court finds that it does not, the appeal would have been untimely, because it was filed on August 26, 2007 more than fifteen working days after the search. Appeals must be timely filed to be considered exhausted. Accordingly, the Court also grants Defendants' motion for summary judgment, because Plaintiff failed to exhaust these claims.

### D.  Disciplinary Findings

To the extent that Plaintiff brings his action pursuant to 42 U.S.C. § 1983 for the finding that he participated in gang activity, the U.S. Supreme Court has held that an inmate does not present a

cognizable claim under Section 1983 if a judgment in the inmate's favor would necessarily imply the invalidity of a deprivation of good time credits, regardless of whether Plaintiff seeks restoration of the lost credits.  Edwards v. Balisok, 520 U.S. 641, 644 (1997).  Such a claim must be brought as a petition for *writ of habeas corpus*.  Heck v. Humphrey, 512 U.S. 477, 481 (1994); Ramirez v. Galaza, 344 F.3d 850, 85-56 (9th Cir. 2003).  Therefore, the Court dismisses any claims based on conduct that resulted in a loss of Plaintiff's good time credits.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#42/43/44) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this 29th day of March 2011.

_____
Kent J. Dawson
United States District Judge