UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THESOLONIA BAKER,

    Plaintiff,

v.

J. WALKER, *et al.*,

    Defendants.

Case No. 2:08-CV-01370-KJD-PAL

**ORDER**

    Presently before the Court is Plaintiff's Motion for Reargument/Reconsideration (#62). No response in opposition was filed by Defendants. The Court granted Defendants' motion for summary judgment and entered judgment for Defendants on March 29, 20111. Plaintiff then filed the present motion citing Federal Rules of Civil Procedure 59 (e) and 60 (b).

    A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60 (b) of the Federal Rules of Civil Procedure. See United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Motions for reconsideration are committed to the discretion of the trial court. See School Dist. No. 1J. Mutlinomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).

    A Rule 59(e) motion must be filed no later than twenty-eight (28) days following entry of the final judgment. See Fed. R. Civ. P. 59(e). A motion for reconsideration is treated as a Rule 59(e)

motion if it is timely filed within the specified twenty-eight day period.  See Am. Ironworkers & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001).[1]  Otherwise, the motion is treated as a Rule 60(b) motion for relief from judgment or order.  See id.  Here, the Court considers the motion under  Rule 59(e) since it was filed within twenty-eight days of the entry of final judgment.

Reconsideration under Rule 59(e) is appropriate where: (1) the district court is presented with newly discovered evidence or committed clear error; (2) the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law.  See School Dist. No. 1J., 5 F.3d at 1263.  Motions made under Rule 59(e) "should not be granted absent highly unusual circumstances."  389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented.  See Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995); Beentjes v. Placer County Air Pollution Control District, 254 F.Supp.2d 1159, at 1161 (E.D. Cal. 2003); Khan v. Fasano, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").  "As a general rule, the Court does not consider evidence on a motion for reconsideration if the evidence could have been provided before the decision was rendered initially." Arizona Civil Liberties Union v. Dunham, 112 F. Supp. 2d 927, 935 (D. Ariz. 2000) (citing School Dist. No. 1J., 5 F.3d at 1263).  In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier.  See Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1033 (N.D. Cal. 1994).  If a party simply inadvertently failed to raise the arguments earlier, the arguments are deemed waived.  See id.  It is not an abuse of discretion for a district court to decline to address an issue raised for the first time in

---

[1] In 2009, Rule 59 (e) was amended to change the time for filing a Rule 59 (e) motion from ten to twenty-eight days.

a motion for reconsideration.  See 389 Orange Street Partners v. Arnold, 178 F.3d 656, 665 (9th Cir. 1999).

Plaintiff's motion either contains arguments that he raised in the underlying briefing on the motion for summary judgment, or arguments that he could have raised but chose not to.  The Court deems those arguments waived and will not address issues raised for the first time in the motion for reconsideration.  Further, the Court has already rejected Plaintiff's reasoning and arguments that are reiterated in this motion.  Plaintiff's disagreement with the Court is not grounds for reconsideration.

It appears that Plaintiff is also arguing that he has newly discovered evidence in the form of affidavits dated April 13, 2011 attached to his motion for reconsideration.  However, in order to meet the "newly discovered evidence" requirement within the meaning of Rules 60(b)(2) and 59, parties must show the evidence: "(1) is truly-newly discovered; (2) could not have been discovered through due diligence; and (3) is of such a material and controlling nature that it demands a probable change in the outcome."  United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1130 n.45 (E.D. Cal. 2001); see also Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir. 1987).  Failure to file documents in an original motion or opposition does not turn the late-filed documents into newly discovered evidence.  See School Dist. No. 1J., 5 F.3d at 1263.  Under both Rules 59 and 60, if the evidence was in the possession of the party before the judgment was rendered it is not newly discovered.  See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 212 (9th Cir. 1987).  Moreover, fact of possession makes clear the party did not use due diligence to discover it.  See Coastal Transfer, 833 F.2d at 212.

Plaintiff has made no showing that he could not have obtained the affidavits through due diligence before his response to Defendants' motion for summary judgment was due.  Instead, Plaintiff clearly waited until the Court granted Defendants' motion for summary judgment and entered final judgment before seeking evidence that might create an issue of material fact.  Plaintiff's delay in obtaining the evidence is not justified and does present the "highly unusual circumstances" required for granting relief under Rule 59.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reargument/Reconsideration (#62) is **DENIED**.

DATED this 13th day of September 2011.

_____
Kent J. Dawson
United States District Judge